## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. BUDA,** | : | **CIVIL ACTION NO. 1:CV-03-0878** |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **WILLIAM S. STICKMAN, III,** | : | |
| District Attorney of Wayne County, | : | |
| & **THE ATTORNEY GENERAL OF** | : | |
| **PENNSYLVANIA,** | : | |
| **Respondents** | : | |

## **ORDER**

AND NOW, this 14th day of March, 2007, upon consideration of the report of the magistrate judge (Doc. 61)[1], dated August 25, 2006, to which objections were filed (Doc. 64), and, following an independent review of the record, it appearing that trial counsel's performance did not fall below an objective standard of reasonableness, (see Doc. 61 at 27 (concluding that counsel's performance did not affect the outcome of the case); see also Holland v. Jackson, 542 U.S. 649, 654 (U.S. 2004) (stating that proof of ineffective assistance requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"), that trial counsel

---

[1] By order of court dated May 14, 2004 (Doc. 36), this court adopted the magistrate judge's recommendation that the petition be dismissed without an evidentiary hearing. The United States Court of Appeals for the Third Circuit reversed and directed that an evidentiary hearing be held. (Doc. 41.) After holding the required evidentiary hearing on May 24, 2006 (see Docs. 52, 56), the magistrate judge issued the instant report and recommendation.

appropriately advised petitioner that any available defenses were unlikely to prevail at trial,[2] and that the magistrate judge relied upon the state court's findings only for those aspects of the claim that had been fully developed in state court, see 28 U.S.C. § 2254(e)(1) (stating that, in certain circumstances, the court should hold an evidentiary hearing when the factual basis of a claim has not been developed in state court); (see also Doc. 61 at 23-24 (applying the factual findings of the evidentiary hearing to the components of the claim that had not been developed in state court)), it is hereby ordered that:

1. The report and recommendation of the magistrate judge (Doc. 61) is ADOPTED.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED.

3. The Clerk of Court shall CLOSE this file.

        S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Petitioner claims that he was intoxicated and under duress at the time of the shooting. (See Doc. 65 at 10.) However, petitioner's ability to recall minor details about the circumstances of the shooting undercuts his claim of intoxication. (Doc. 56 at 156-57, 161-62.) Petitioner's claim of duress stems from his contention that he was ordered by one of his co-conspirators to shoot the victim. (See Doc. 56 at 136.) In Pennsylvania, the defense of duress is "unavailable if the actor recklessly placed himself in a situation in which it was probable that he would be subjected to duress." 18 PA. CONS. STAT. ANN. § 309(b). The court finds that trial counsel appropriately assessed the risk that a reasonable jury could have found petitioner's decision to engage in criminal conduct to be reckless and to negate his defense of duress. Petitioner also claims that the victim was already dead at the time of the shooting. (See Doc. 65 at 11.) Petitioner's admission that he took no steps to ascertain the victim's physical condition before shooting him undermines this claim. (See Doc. 56 at 161-62.)